IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:15-cr-274 |
| | ) | |
| DAVID ALEXANDER BATTLE, II | ) | The Hon. Claude M. Hilton |
| | ) | Trial: March 8, 2016 |
| Defendant | ) | |
| | ) | |

## GOVERNMENT'S MOTION TO SEAL DOCUMENT

The United States, through its undersigned counsel, submits this Motion to Seal the document filed on February 25, 2016, entitled "Government's Opposition to Defendant's Motion to Suppress Evidence and to Dismiss Counts One Through Nine" pursuant to Local Criminal Rule 49(E).   A proposed Order is attached hereto.

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By:      /s/
        Lauren Britsch
        Jay V. Prabhu
        Assistant United States Attorney
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Tel:   (703) 299-3700
        Lauren.Britsch2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:15-cr-274 |
| | ) | |
| DAVID ALEXANDER BATTLE, II | ) | The Hon. Claude M. Hilton |
| | ) | Trial: March 8, 2016 |
| Defendant | ) | |

**GOVERNMENT'S NON-CONFIDENTIAL MEMORANDUM
IN SUPPORT OF ITS MOTION TO SEAL**

The United States, by and through undersigned counsel, pursuant to Local Rule 49(D) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an order to seal.

**I.    ITEMS TO BE SEALED AND NECESSITY FOR SEALING**

1. The government asks the Court to allow the sealing of its response to the defendant's under seal motion to suppress evidence and dismiss counts one through nine.

2. Sealing is necessary because the response, like the motion, describes details of an ongoing local criminal investigation. The government has considered procedures other than sealing and none will suffice to protect this information from disclosure.

**II.   REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

3. The Court has the inherent power to seal materials submitted to it. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d

2

293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the motion response is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992).

**III.   PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(D)(4))

     5.   The response would need to remain sealed until the ongoing local investigation is closed.

WHEREFORE, the United States respectfully requests that an order to seal be entered allowing the United States to file its response under seal.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:   /s/
Lauren Britsch
Jay V. Prabhu
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel:   (703) 299-3700
Lauren.Britsch2@usdoj.gov